# MINUTE ORDER

CASE NUMBER:   CIVIL NO. 21-000272 LEK-RT

CASE NAME:   Jeffrey-Steven of the House of Jarrett vs. David Ige et al.,

JUDGE:   Leslie E. Kobayashi    DATE:   9/8/2021

COURT ACTION:  EO: COURT ORDER DENYING PLAINTIFF'S MOTION FOR CLARIFICATION RE: EO NO DETERMINATIONS UNTIL DEFENDANTS JOINDER; OTHERS

    On August 18, 2021, pro se Plaintiff Jeffrey-Steven of the House of Jarrett, also known as Jeffrey S. Jarrett ("Plaintiff"), filed his "Notice upon the Court and Declaration of Fact; Motion for TRO" ("Motion for TRO"). [Dkt. no. 63.]  On August 23, 2021, this Court informed the parties that it would not consider the merits of Plaintiff's Motion for TRO until it resolved the defendants' pending motions to dismiss.  [Minutes - EO: Court Order Regarding Plaintiff's Motion for TRO, filed 8/23/21 (dkt. no. 65) ("8/23/21 EO").]  On August 29, 2021, Plaintiff filed a document titled "Motion for Clarification Re: EO No Determination Until Defendants Joinder; Others."  [Dkt. no. 67.]  Plaintiff's filing is liberally construed as a motion for reconsideration of the 8/23/21 EO ("Motion for Reconsideration").  The Motion for Reconsideration is suitable for disposition without a hearing and without further briefing.  See Local Rule LR7.1(d) (listing motions for reconsideration among the motions that "shall be decided without a hearing"); Local Rule LR60.1 (stating no memorandum in opposition to a motion for reconsideration and no reply in support of a motion for reconsideration "shall be filed unless directed by the court").

    "Motions for reconsideration of interlocutory orders may be brought only upon the following grounds: (a) Discovery of new material facts not previously available; (b) Intervening change in law; and/or (c) Manifest error of law or fact."  Local Rule LR60.1.  Plaintiff appears to argue this Court made manifest errors of law or fact in the 8/23/21 EO because he asserts that deferring consideration of Plaintiff's Motion for TRO until the motions to dismiss have been resolved hinders his right to due process and puts the case under the defendants' control.  [Motion for Reconsideration at PageID #: 516.]

    The 8/23/21 EO was issued because, if Plaintiff's claims are dismissed, the lack of pending claims in this case would automatically require the denial of Plaintiff's Motion for TRO.  This Court, in the exercise of its inherent authority, found that it is not appropriate, under the circumstances of this case, for the parties and this Court to address

the Motion for TRO at this time. See <u>Landis v. N. Am. Co.</u>, 299 U.S. 248, 254 (1936) (noting that every court has the inherent power "to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants"). Plaintiff merely disagrees with this Court's decision, and his mere disagreement does not constitute grounds for reconsideration. See <u>Fisher v. Kealoha</u>, 49 F. Supp. 3d 727, 735 (D. Hawai`i 2014).

      Plaintiff's Motion for Reconsideration is therefore DENIED.

      IT IS SO ORDERED.

Submitted by: Agalelei Elkington, Courtroom Manager