UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| JEFFREY-STEVEN OF THE HOUSE OF JARRETT,<br><br>            Plaintiff,<br><br>    vs.<br><br>DAVID IGE, ET AL.,<br><br>            Defendants. | CIV. NO. 21-00272 LEK-RT |

### ORDER DENYING PLAINTIFF'S MOTIONS TO RECUSE

On September 9, 2021 and September 13, 2021, respectively, pro se Plaintiff Jeffrey-Steven of the House of Jarrett, also known as Jeffrey S. Jarrett ("Plaintiff"), filed a document titled "NOTICE UPON THE COURT re: Dismissal of Judge Kobayashi, Magistrate Trader et al.; Notice of Claim," and a document titled "MOTION UPON THE COURT re: RECUSAL AND DISMISSAL OF JUDGE LESLIE E. KOBAYASHI; re: RECUSAL AND DISMISSAL OF MAGISTRATE JUDGE ROM A. TRADER; re: RELIEF." [Dkt. nos. 74, 80.] The two filings are collectively construed as Plaintiff's motions seeking the recusal or disqualification of this Court and the magistrate judge ("Motions to Recuse"), as well as the district court staff. The Court finds the Motions to Recuse suitable for disposition without a hearing pursuant to Rule LR7.1(c) of the Local Rules of Practice for the United States

District Court for the District of Hawaii ("Local Rules"). Further, the Court finds that it is not necessary for the defendants to file responses to the Motions to Recuse. Plaintiff's Motions to Recuse are hereby denied for the reasons set forth below.

## DISCUSSION

Plaintiff brings the instant action to challenge various policies and restrictions imposed by the State of Hawai`i and the County of Maui in response to the COVID-19 pandemic. See generally "Federal Claim; Emergency Injunction, and other relief," filed 6/14/21 (dkt. no. 1).[1] Plaintiff argues this Court and the magistrate judge should be recused or disqualified from this case. In addition, he contends "all agents and employees involved with this action must recuse themselves . . . ." [Dkt. no. 80 at 10 of 10.]

Plaintiff invokes both of the recusal statutes: 28 U.S.C. § 144 and 28 U.S.C. § 455. Section 144 states:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.

---

[1] Docket number 1 has been construed as Plaintiff's Complaint in this case. See Minute Order - EO: Court Order Regarding Plaintiff's "Federal Claim; Emergency Injunction, and Other Relief," filed 6/18/21 (dkt. no. 16) ("6/18/21 EO").

2

> The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time. A party may file only one such affidavit in any case. It shall be accompanied by a certificate of counsel of record stating that it is made in good faith.

Section 455(a) states: "Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." Further, § 455(b)(1) requires a judge to disqualify himself "[w]here he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding[.]"

Because Plaintiff is proceeding pro se, his filings must be liberally construed. See Erickson v. Pardus, 551 U.S. 89 (2007) (per curiam). However, even liberally construed, the Motions to Recuse do not contain the affidavit that is required for a § 144 motion. The Motions to Recuse will therefore be considered under § 455. This district court has stated:

> The "substantive standard" for the disqualification or recusal of a judge under 28 U.S.C. §§ 144, 455(a), and 455(b) "is the same: '[W]hether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned.'" United States v. Hernandez, 109 F.3d 1450, 1453 (9th Cir. 1997) (per curiam) (alteration in

>   original) (quoting United States v. Studley, 783
>   F.2d 934, 939 (9th Cir. 1986)).
>
>   The Supreme Court has provided the following
>   guidance as to when a judge's rulings or
>   statements can form the basis for
>   disqualification:
>
>>  [J]udicial rulings alone almost never
>>  constitute a valid basis for a bias or
>>  partiality motion.  In and of themselves
>>  (*i.e.*, apart from surrounding comments or
>>  accompanying opinion), they cannot possibly
>>  show reliance upon an extrajudicial source;
>>  and can only in the rarest circumstances
>>  evidence the degree of favoritism or
>>  antagonism required (as discussed below)
>>  when no extrajudicial source is involved.
>>  Almost invariably, they are proper grounds
>>  for appeal, not for recusal.  Second,
>>  opinions formed by the judge on the basis of
>>  facts introduced or events occurring in the
>>  course of the current proceedings, or of
>>  prior proceedings, do not constitute a basis
>>  for a bias or partiality motion unless they
>>  display a deep-seated favoritism or
>>  antagonism that would make fair judgment
>>  impossible.  Thus, judicial remarks during
>>  the course of a trial that are critical or
>>  disapproving of, or even hostile to,
>>  counsel, the parties, or their cases,
>>  ordinarily do not support a bias or
>>  partiality challenge.  They **may** do so if
>>  they reveal an opinion that derives from an
>>  extrajudicial source; and they **will** do so if
>>  they reveal such a high degree of favoritism
>>  or antagonism as to make fair judgment
>>  impossible.
>
>   Liteky v. United States, 510 U.S. 540, 555 (1994)
>   (citation omitted).

Auld-Susott v. Galindo, CIVIL NO. 20-00270 LEK RT, 2020 WL 7647477, at *2 (D. Hawai`i Dec. 23, 2020) (alteration and emphases in Auld-Susott).

4

Plaintiff argues the rulings by this Court and the magistrate judge are sufficient evidence of bias or prejudice to require recusal or disqualification. Plaintiff relies upon the following rulings by this Court:

- the denial of his motions for temporary restraining order; see dkt. no. 74-1 at PageID #: 550; dkt. no. 80 at 5 of 10; see also Minute Order – EO: Court Order Denying Plaintiff's Ex Parte Non-Hearing Motion for Emergency Injunctive Relief, filed 6/22/21 (dkt. no. 19) ("6/22/21 EO") (denying Plaintiff's motion filed on 6/21/21, (dkt. nos. 17 (decl. in supp. of motion), 18 (motion))); Minute Order – EO: Court Order: 1) Denying Plaintiff's Motion upon the Court: Motion for Preliminary, Preventative, Prohibitory, Quia Timet and Perpetual Injunction; and 2) Reserving Ruling on All Other Matters, Pending the Resolution of the Motion to Dismiss and the Joinder Therein, filed 7/14/21 (dkt. no. 34) ("7/14/21 EO") (denying Plaintiff's motion filed on 7/2/21 (dkt. no. 22));

- the failure to act upon the documents that he filed on July 2, 2021, one of which argued the 6/22/21 EO was void, [dkt. no. 23,] and the other of which argued the 6/18/21 EO was void, [dkt. no. 24]; see dkt. no. 80 at 2 of 10;

- the ruling in the 7/14/21 EO that other matters will not be considered until the pending motions to dismiss were decided; see dkt. no. 74 at 1 of 4; see also 7/14/21 EO at 2; and

- the September 8, 2021 entering order ("9/8/21 EO") that denied Plaintiff's August 29, 2021 motion for clarification of the 7/14/21 EO ("8/29/21 Motion"), see dkt. no. 74 at 2 of 4;[2] see also 8/29/21 Motion (dkt. no. 67); 9/8/21 EO (dkt. no. 73).

---

[2] Plaintiff refers to the 8/29/21 Motion as being filed on August 30, 2021. See dkt. no. 74 at 2 of 4. The motion was entered in the docket on August 30, 2021, but the filing date of the motion is August 29, 2021.

Plaintiff also relies upon the following rulings by the magistrate judge:

- an August 31, 2021 order ("8/31/21 Order") striking documents filed by Plaintiff - dkt. nos. 25, 26, 27, 32, 33, 38, 42, 50, 51, 52, 53, 56, 58, 59, 64, and 66 - because they failed to comply with the applicable court rules and/or they were incomprehensible; see, e.g., dkt. no. 74 at 1 of 4 (stating Plaintiff's July 8, 2021 and July 12, 2021 filings, i.e., dkt. nos. 27 and 33, were not acted upon); dkt. no. 80 at 5 of 10 to 8 of 10 (pointing out filings that were not acted upon); see generally 8/31/21 Order (dkt. no. 86);

- the ruling in the 8/31/21 Order rejecting the argument in Plaintiff's July 21, 2021 motion, [dkt. no. 43,] regarding the district court's failure to put parentheses around the zip code in his mailing address was improper; see dkt. no. 80 at 8 of 10; see also 8/31/21 Order at 6-7; and

- a September 1, 2021 entering order ("9/1/21 EO") striking the document Plaintiff filed on August 31, 2021, [dkt. no. 69,] see dkt. no. 80 at 5 of 10; see also 9/1/21 EO (dkt. no. 70).

In addition, Plaintiff alleges:

- "numerous bonds" have been issued by this Court or the magistrate judge in this case, and "the Court, judges, magistrate, BAR, their superiors and corporations [have] directly profit[ed] and/or benefit[ed] from" the bonds; see dkt. no. 74 at 2 of 4;

- both this Court and the magistrate judge have made rulings in favor of the defendants without a hearing; see id.; and

- district court staff "willfully sent mail responses to the wrong addresses," see id.; see also dkt. no. 80 at 2 of 10.

Plaintiff cites no legal authority to support his request that the staff of this district court be recused or otherwise disqualified.  Further, even if the § 455 standards also apply to court staff, Plaintiff's allegations of bias are

6

insufficient to require the recusal or disqualification of any court staff. Plaintiff contends that the willful mis-labeling of envelopes when the court staff mailed documents to him is evidence of the staff's bias or prejudice against him. For example, he stated in a prior filing that an envelope

> address[ed] to Jeffrey Steven of the House of Jarrett . . . [wa]s missing the parenthesis around the Federal UNITED STATES created ZIP Code, along with the Federal Zone identifier HI which is not "Hawaii". This is a clear, and continual, attempt to draw me into a Federal District and it's [sic] jurisdiction. As such it is rejected on it's [sic] face as a "Fraud and Swindle" under Title 18 U.S. Code § 1341 . . . .

["ADMISSION(S) STATEMENT re: Notice Unacceptable Mail re Memorandum A; Motion Upon the Court Cease and Desist," filed 7/21/21 (dkt. no. 43), at 2 of 5 (emphasis in original).] The magistrate judge rejected this argument, stating:

> Plaintiff has subjected himself to this Court's jurisdiction. In addition, zip codes are used by the postal service to identify where to deliver mail. Whether or not a zip code has parentheses in no way affects jurisdiction. Adding parentheses to Plaintiff's zip code does not mean anything and does nothing more than add unnecessary confusion.
>
> Plaintiff claims that failure to add parentheses around his zip code is a "Fraud and Swindle" under 18 U.S.C. § 1341. ECF No. 43 at PageID #: 398. Plaintiff is mistaken as the situation here does not meet the elements of "Fraud and Swindle." Moreover, the violation of 18 U.S.C. § 1341 is a criminal matter. A civil complaint or action cannot state a criminal violation. See Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980). Further, Plaintiff is

7

> unable to bring a criminal case in this civil matter. See DeAlcantara v. Shigemura, Civ. No. 16-00586 JMS-KSC, 2016 WL 6518618, at *2 (D. Haw. 2016) (citation omitted) ("[F]ederal criminal law [can] be enforced only by a federal prosecutor, not by any private party"). Thus, 18 U.S.C. § 1341 is irrelevant to this civil case. . . .

[8/31/21 Order at 6-7 (some alterations in 8/31/21 Order).] This Court agrees with the magistrate judge's analysis, and this Court therefore concludes that the lack of parentheses around the zip code on envelopes mailed to Plaintiff does not indicate any type of bias or prejudice by court staff against Plaintiff. To the extent that the Motions to Recuse request the recusal or disqualification of court staff, the Motions to Recuse are denied.

The vast majority of the purported evidence that Plaintiff cites to support his request for the recusal or disqualification of this Court and the magistrate judge are judicial rulings in this case. None of the rulings and orders that Plaintiff relies upon show that either this Court or the magistrate judge improperly relied upon an extrajudicial source. See Liteky, 510 U.S. at 555. Further, Plaintiff does not identify any statement in any of those orders which indicates that either this Court or the magistrate judge has "such a high degree of favoritism or antagonism as to make fair judgment impossible." See id. Plaintiff merely disagrees with the rulings that this Court and the magistrate judge has made. The

8

reasons for Plaintiff's disagreement with those rulings "are proper grounds for appeal, not for recusal."  See id. Therefore, the Motions to Recuse are denied, to the extent that Plaintiff seeks recusal or disqualification based upon prior rulings and orders by this Court and the magistrate judge.

Finally, Plaintiff argues that "numerous bonds" have been issued by this district court, and that the district court and others obtained a direct benefit from those bonds.  See dkt. no. 74 at 2 of 4.  First, no bonds have been issued in connection with this case.  Moreover, Plaintiff's argument appears to be based on his mistaken belief that this district court is a part of the Hawai`i State Judiciary.  See dkt. no. 74-1 at PageID #: 550 ("The Judiciary of Hawaii as subsidiary of STATE OF HAWAII who directly make money from the creation and selling of Bonds and securities a private for profit corporation with DUNS # (redacted), under Title 28 USC § 455 (b)(4) disqualified the entire Court." (emphases in original)).  This district court is a United States District Court, *i.e.*, it is part of the judicial branch of the federal government, and it is not part of the State of Hawai`i court system.  Plaintiff's request for recusal or disqualification of this Court and the magistrate judge based on the alleged issuance of bonds by the State of Hawai`i is therefore denied.

9

All of Plaintiff's arguments in the Motions to Recuse, even if not expressly addressed in this Order, have been considered and rejected. Plaintiff has failed to present any reason that warrants the recusal or disqualification of either this Court or the magistrate judge.

## CONCLUSION

For the foregoing reasons, Plaintiffs' "NOTICE UPON THE COURT re: Dismissal of Judge Kobayashi, Magistrate Trader et al.; Notice of Claim," filed September 9, 2021, and his "MOTION UPON THE COURT re: RECUSAL AND DISMISSAL OF JUDGE LESLIE E. KOBAYASHI; re: RECUSAL AND DISMISSAL OF MAGISTRATE JUDGE ROM A. TRADER; re: RELIEF," filed September 13, 2021, which are collectively construed as motions seeking the recusal of this Court, the magistrate judge, and the district court staff, are HEREBY DENIED in their entirety.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, November 12, 2021.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**JEFFREY-STEVEN OF THE HOUSE OF JARRETT VS. DAVID IGE, ET AL; CV 21-00272 LEK-RT; ORDER DENYING PLAINTIFF'S MOTION TO RECUSE**