UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| JEFFREY-STEVEN OF THE HOUSE OF JARRETT, | CIV. NO. 21-00272 LEK-RT |
| Plaintiff, | |
| vs. | |
| DAVID IGE, ET AL., | |
| Defendants. | |

**ORDER GRANTING THE STATE DEFENDANTS' MOTION TO DISMISS
AND THE COUNTY DEFENDANTS' JOINDER IN THE MOTION TO DISMISS**

On June 14, 2021, pro se Plaintiff Jeffrey-Steven of the House of Jarrett, also known as Jeffrey S. Jarrett ("Plaintiff"), filed a document that has been construed as his Complaint in this case. [Dkt. no. 1; Minute Order - EO: Court Order Regarding Plaintiff's "Federal Claim; Emergency Injunction, and Other Relief," filed 6/18/21 (dkt. no. 16) (construing dkt. no. 1 as Plaintiff's Complaint).] On July 8, 2021, Defendants David Ige ("Governor Ige"), Josh Green, Scott Saiki, Ronald Kouchi, Christina Kishimoto, Elizabeth Char, and all members of the State of Hawai`i ("the State") House of Representatives and Senate, in their official capacities (all collectively "State Defendants"), filed their Motion to Dismiss ("Motion"). [Dkt. no. 28.] On July 9, 2021, Defendants County of Maui ("the County"), Michael P. Victorino ("Mayor

Victorino"), Dean Rickard, Keani Rawlins-Fernandez, and Tasha Kama, in their official capacities (all collectively "County Defendants"), filed a substantive joinder in the Motion ("Joinder"). [Dkt. nos. 30, 31.] The Court finds these matters suitable for disposition without a hearing pursuant to Rule LR7.1(c) of the Local Rules of Practice for the United States District Court for the District of Hawaii ("Local Rules"). For the reasons set forth below, the State Defendants' Motion and the County Defendants' Joinder are hereby granted, and Plaintiff's Complaint is dismissed with prejudice.

## BACKGROUND

I.  **The COVID-19 Pandemic**

This district court has stated:

"In December 2019, individuals in Wuhan, China identified a novel coronavirus. In the ensuing months, the disease spread across the world. The novel coronavirus came to be known as SARS-CoV-2, and the disease that it causes is called COVID-19. The virus is highly transmissible and is primarily spread through exchange of respiratory droplets emitted when a person talks, breathes, coughs, or sneezes." Heights Apartments, LLC v. Walz, 2020 WL 7828818, at *1 (D. Minn. Dec. 31, 2020). According to the Centers for Disease Control and Prevention, by August 26, 2021, more than 38 million cases of COVID-19 had been identified in the United States, and more than 600,000 people have died. https://covid.cdc.gov/covid-data-

tracker/#datatracker-home (last visited
August 26, 2021).[1]

. . . .

Hawaii's first case of COVID-19 was
confirmed on March 6, 2020.  Audrey McAvoy,
Hawaii Records its First Case of New Coronavirus,
A.P. News, March 6, 2020,
https://apnews.com/article/877078a229df18bbbb5315
24dab3f96c. . . .

Denis v. Ige, Civil NO. 21-00011 SOM-RT, 2021 WL 3892657, at *1-

2 (D. Hawai`i Aug. 31, 2021) ("Denis II").  On March 11, 2020,

the COVID-19 outbreak was designated by the World Health

Organization as an international pandemic.  See Office of the

Governor, State of Hawai`i, Supplementary Proclamation, dated

3/16/20, https://governor.hawaii.gov/wp-

content/uploads/2020/03/2003109-ATG_COVID-19-Supplementary-

Proclamation-signed.pdf, at 1 of 7.

II.  **The Instant Case**

Plaintiff resides in the County of Maui, [Complaint at

6 of 24,] and he brings the instant action to challenge various

policies and restrictions imposed by the State and the County in

response to the COVID-19 pandemic.[2]

_____

[1] There have now been more than 46.6 million cases and more
than 755,000 deaths.  Centers for Disease Control and
Prevention, COVID Data Tracker, https://covid.cdc.gov/covid-
data-tracker/#datatracker-home (last visited Nov. 12, 2021).
[2] Plaintiff makes statements such as "I am not a Citizen,
Resident or Person; I do not fall into these categories"; and "I
have not found one Police Officer whom knows the difference
                                        (. . . continued)

Plaintiff states that he has recovered from COVID-19, but he still experiences lingering effects, including dyspnea. He asserts that, because of this, he is entitled to a medical exemption from any requirement to wear a face mask. [Complaint at 6 of 24.]  However, his medical exemption has been disregarded, and he has received citations for failing to wear a mask.  Plaintiff contends this is a violation of his constitutional rights, and the persons in charge of the State and County departments and agencies enforcing the requirement are liable for the violations. [Id.]  He also argues the requirement to wear a face mask is not supported by science and violates his "right to breathe fresh air." [Id. at 12 of 24.]

Plaintiff also challenges the "vaccine passport"/Safe Travels Program, which he argues requires either proof of COVID-19 vaccination or a negative COVID-19 test for inter-island travel and travel out of the State. [Complaint at 3 of 24 & 7 of 24.]  Plaintiff emphasizes that Governor Ige

---

between an American State National and a Citizen, Resident or Person." [Complaint at 5 of 24.]  He also discusses an action he filed in this district court in 2019 regarding traffic violations. [Id. at 11 of 24 to 12 of 24.]  Because Plaintiff is proceeding pro se, all of his filings must be liberally construed, and his Complaint must be held to less stringent standards than those applied to pleadings drafted by attorneys. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam). However, even liberally construed, such statements in the Complaint are merely commentary.  The only affirmative relief Plaintiff seeks in this case relates to the COVID-19 policies and restrictions.

implemented the program without legislative approval, and
Plaintiff argues it was an abuse of his emergency powers.  [Id.
at 9 of 24.]  Plaintiff argues that being required "to get a
covid -19 [sic] test to get on a plane traveling between
islands, the mainland or internationally, and then again when
[he] return[s] to Maui[,]" requires him to expend significant
time and resources.  [Id. at 6 of 24.]  Plaintiff argues
restricting travel in this manner violates his constitutional
rights and his rights under: the Civil Rights Act of 1964; the
Americans with Disabilities Act; federal criminal statutes,
specifically, 18 U.S.C. §§ 373 and 242; and Haw. Rev. Stat.
§ 489-3.  Plaintiff argues a COVID-19 test is a medical
procedure, and the State and the County do not have the
authority to require a medical procedure as a pre-condition for
travel.  [Complaint at 6 of 24 to 7 of 24.]  Plaintiff states
that he has "rejected the Covid-19 test due to how it's
administered, unknown repercussions and data is [sic] storage,
and the wording on the consent form."  [Id. at 7 of 24.]

        Plaintiff also objects to any vaccination requirement
for travel because he asserts the "efficacies of several [other]
therapeutics . . . make vaccines and any Emergency Use
Authorization, EUA, [of COVID-19 vaccines] unnecessary, and not
lawful."  [Id. at 4 of 24.]  Plaintiff argues that, because the
COVID-19 vaccines have not been sufficiently tested, people have

the constitutional right to choose whether or not to be vaccinated, and they should not be forced to live under a lesser standard in society if they choose not to be vaccinated.  [Id. at 4 of 24 to 5 of 24.]  Plaintiff refuses to take a COVID-19 vaccine for the same reasons that he refuses to take the COVID-19 test.  [Id. at 7 of 24.]  In addition, he argues there is not enough information about the vaccines to enable him to make an informed decision about it, particularly because he asserts his prior recovery from COVID-19 means he already has anti-bodies, and he has a higher risk of side effects from the vaccine.  [Id. at 10 at 24.]  Because he does not want to take either the COVID-19 vaccine or a COVID-19 test, he has not traveled off of the Island of Maui.  [Id. at 7 of 24.]  He argues the denial of his right to travel violates his "rights under the 1st, 4th and 5th Amendment to the Constitution for the united [sic] States of America.  Article 1 section 9 sub-section 6 of the Constitution and United Nations General Assembly Resolution 1514, UNGAR1514."  [Id.]  Because he is unable to leave the Island of Maui, Plaintiff is unable to travel to the Island of Oʻahu to obtain a United States passport for international travel.  [Id. at 8 of 24.]

Plaintiff apparently contends people are being vaccinated without their consent.  He states that, "[o]n Friday May 21, 2021 a 12 year old Kula girl was reported to be

6

vaccinated against her will at a School in Hawaii" because her parents did not opt out of the vaccination in writing. [Id. at 4 of 24.] Plaintiff argues the parents did not receive actual notice that their daughter would be vaccinated unless they opted out in writing.[3] [Id.] Plaintiff argues "[t]his violates the 1, 6 and 10th articles of the Nuremberg Codes and violates U.S. created FDA rules Title 21 U.S.C. §360bbb-3." [Id.]

Plaintiff also argues the tracking associated with the Safe Travels program violates his right to privacy, and he has therefore refused to provide the documentation necessary to attain safe traveler status. [Id.]

In addition, Plaintiff argues the restrictions placed on businesses, including the vaccine passport, mask mandates, and capacity limitations are improper attempts to control commerce and beyond the government's ability to regulate commerce. [Id. at 14 of 24.] Defendants' COVID-19 policies and restrictions have put businesses in jeopardy. [Id. at 16 of 24.]

Plaintiff's general position is that the State Defendants' and the County Defendants' (collectively

---

[3] Plaintiff does not state he is one of the girl's parents, nor does he allege he personally suffered any injury because of the incident. This Court therefore only construes Plaintiff's claim based on the alleged involuntary vaccination as an expression of his personal outrage about the incident.

"Defendants") responses to the COVID-19 pandemic are not
supported by medical evidence, and information contrary to their
positions has been censored in the media, as well as on social
medial.  [Id. at 3 of 24 to 4 of 24.]  Plaintiff argues the
State and County COVID-19 policies and restrictions violate his
due process rights, his right to bodily integrity, and his right
to participate in commerce because he cannot practice his trade.
[Id. at 8 of 24, 10 of 24.]  He contends any emergency powers
that purportedly justified Defendants' COVID-19 policies and
procedures do not authorize them to violate the United States
Constitution and the State of Hawai`i Constitution.  Plaintiff
argues Defendants cannot require him to take the COVID-19
vaccine in order to regain his rights.   [Id. at 9 of 24.]

        Plaintiff prays for an injunction requiring the
immediate elimination of: any mask mandate; COVID-19-related
gathering restrictions; any pre- or post-travel testing
requirement for inter-island or domestic travel; the vaccine
passport and other social-control programs; and any vaccine
requirement by employers, government agencies, and places of
public accommodation.  He also seeks an injunction: rescinding
the EUA for all COVID-19 vaccinations; compelling the State to
convene a grand jury to investigate alleged fraud in the
assessment of hydroxychloroquine as a therapeutic and to
investigate the media, the federal government, and unspecified

8

foreign governments for creating fraudulent clinical evidence that Defendants relied upon in the formation their policies; and requiring Defendants to enact legislation to prevent similar violations in the future. [Id. at 21 of 24 to 24 of 24.]

The State Defendants' Motion argues Plaintiff's claims against them should be dismissed with prejudice because this district court has previously found that Hawaii's COVID-19 restrictions, including the quarantine requirement and mask mandate, are constitutional. Moreover, the State Defendants argue Plaintiff does not have standing to bring his claims against them and, to the extent that he brings his claims pursuant to 42 U.S.C. § 1983, the State, its agencies, and officials when sued in their official capacities are not persons for purposes of § 1983. In addition, Plaintiff cannot pursue his claims against the State Defendants because of their Eleventh Amendment immunity.

The County Defendants' Joinder also argues the claims against them should be dismissed with prejudice for the applicable reasons set forth in the Motion. In addition, the County Defendants argue: this Court lacks personal jurisdiction over them because Plaintiff failed to effect proper service; Plaintiff's claims based on restrictions on inter-county travel are moot because the restrictions are no longer in place; Plaintiff does not plead any factual allegations to support his

9

claims against Defendants Dean Rickard, Keani Rawlins-Fernandez, and Tasha Kama; his claims against the County fail because the County's COVID-19 policies and restriction are substantially related to its interest in preventing the spread of COVID-19; and Plaintiff's § 1983 claim challenging the County's mask mandate fails because he has never been cited for a violation of the mask mandate, or any other COVID-19-related rule.

### DISCUSSION

## I.   Eleventh Amendment, Sovereign Immunity, and Status as a "Person" for Purposes of § 1983

"The ultimate guarantee of the Eleventh Amendment is that nonconsenting States may not be sued by private individuals in federal court." Bd. of Trs. of Univ. of Ala. v. Garrett, 531 U.S. 356, 363 (2001) (citation omitted). "It is well established that agencies of the state are immune under the Eleventh Amendment from private damages or suits for injunctive relief brought in federal court." Sato v. Orange Cnty. Dep't of Educ., 861 F.3d 923, 928 (9th Cir. 2017) (citation and quotation marks omitted); see also P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc., 506 U.S. 139, 144 (1993) ("Absent waiver, neither a State nor agencies acting under its control may be subject to suit in federal court." (citations and internal quotation marks omitted)).

> Although sovereign immunity bars money damages and other retrospective relief against a

10

state or instrumentality of a state, it does not bar claims seeking prospective injunctive relief against state officials to remedy a state's ongoing violation of federal law.  <u>Ex Parte Young</u>, 209 U.S. 123, 149-56, 28 S. Ct. 441, 52 L. Ed. 714 (1908); <u>see also</u> <u>Quern v. Jordan</u>, 440 U.S. 332, 337, 99 S. Ct. 1139, 59 L. Ed. 2d 358 (1979);[4] <u>Agua Caliente Band of Cahuilla Indians v. Hardin</u>, 223 F.3d 1041, 1045 (9th Cir. 2000). The <u>Young</u> doctrine allows individuals to pursue claims against a state for prospective equitable relief, including any measures ancillary to that relief.  <u>Green v. Mansour</u>, 474 U.S. 64, 68-71, 106 S. Ct. 423, 88 L. Ed. 2d 371 (1985).  To bring such a claim, the plaintiff must identify a practice, policy, or procedure that animates the constitutional violation at issue.  <u>Hafer v. Melo</u>, 502 U.S. 21, 25, 112 S. Ct. 358, 116 L. Ed. 2d 301 (1991); <u>Monell v. N.Y.C. Dep't of Soc. Servs.</u>, 436 U.S. 658, 690 & n.55, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978).

<u>Ariz. Students' Ass'n v. Ariz. Bd. of Regents</u>, 824 F.3d 858, 865 (9th Cir. 2016) (some citations omitted).

Each of the State Defendants is a state official, and Plaintiff prays for prospective injunctive relief in this case. To the extent that Plaintiff challenges **existing** COVID-19 policies and restrictions on the ground that they violate his rights under the United States Constitution or under federal statutes, he seeks to remedy ongoing violations of federal law, and sovereign immunity does not bar those claims against the State Defendants.  However, to the extent that Plaintiff

---

[4] <u>Quern</u> was overruled on other grounds by <u>Hafer v. Melo</u>, 502 U.S. 21 (1991).  <u>See, e.g.</u>, <u>Gonzalez v. Cal. Highway Patrol</u>, No. 1:20-cv-01422-DAD-JLT, 2021 WL 3287717, at *4 (E.D. Cal. Aug. 2, 2021).

challenges existing COVID-19 policies and restrictions on the ground that they violate his rights under the Hawai`i State Constitution, Hawai`i statutes, or county laws, and to the extent that he seeks a declaration that **past** COVID-19 policies and restrictions violated his rights under any source of law, sovereign immunity bars him from pursuing those claims in federal court against the State Defendants.  Thus, the Motion is granted as to those portions of Plaintiff's claims because Plaintiff fails to state a claim upon which relief can be granted.  See Fed. R. Civ. P. 12(b)(6).

Similarly, "a state official in his or her official capacity, when sued for injunctive relief, would be a person under § 1983 because official-capacity actions for prospective relief are not treated as actions against the State."  Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 n.10 (1989) (citations and internal quotation marks omitted).  The United States Supreme Court noted that "[t]his distinction is commonplace in sovereign immunity doctrine, and would not have been foreign to the 19th-century Congress that enacted § 1983." Id. (citations and internal quotation marks omitted).

This Court therefore rejects the State Defendants' sovereign immunity argument and their § 1983 "person" argument

as to Plaintiff's claims that allege **existing** COVID-19 policies and restrictions violate federal law.[5]

## II.  Mootness

Plaintiff argues he is impaired in his ability to travel between Maui and O`ahu because he does not wish to receive a COVID-19 vaccine or take a COVID-19 test.

On March 4, 2020, Governor Ige and Mayor Victorino issued their first proclamations related to COVID-19.  Office of the Governor, State of Hawai`i, Proclamation, https://governor.hawaii.gov/wp-content/uploads/2020/03/2003020-GOV-Emergency-Proclamation_COVID-19.pdf; County of Maui, Office of the Mayor, Public Health Emergency Proclamation, https://www.mauicounty.gov/DocumentCenter/View/121292/2020-03-04-Public-Health-Emergency-Proclamation.  On August 6, 2020, Governor Ige signed a proclamation imposing a mandatory self-quarantine period for "all persons traveling to the Islands of Kaua`i, Hawai`i, and the Islands comprising the Counties of Maui

---

[5] The County Defendants are local/municipal officials, and they are considered "persons" for purposes of § 1983.  See, e.g., Kepilino v. Hawai`i, Dep't of Transp., Civil No. 12-00066 SOM-BMK, 2013 WL 3157524, at *8 (D. Hawai`i June 19, 2013) ("A suable § 1983 'person' encompasses . . . local officials sued in their personal capacities, municipal entities, and municipal officials sued in an official capacity." (citing Will v. Michigan Dep't of State Police, 491 U.S. 58 (1989))).  Further, the Eleventh Amendment is not implicated in Plaintiff's claims against the County Defendants.  See, e.g., Fisher v. Kealoha, 869 F. Supp. 2d 1203, 1215 n.16 (D. Hawai`i 2012).

and Kalawao[.]"  Office of the Governor, State of Hawai`i,

Eleventh Proclamation Related to the COVID-19 Emergency

Interisland Travel Quarantine, https://governor.hawaii.gov/wp-

content/uploads/2020/08/2008022-ATG_Eleventh-Proclamation-for-

COVID-19-distribution-signed.pdf, at 1.  On September 22, 2020,

Governor Ige signed a proclamation that included a provision

allowing a county to adopt a negative test exception to the

interisland travel quarantine requirement.  Office of the

Governor, State of Hawai`i, Thirteenth Proclamation Related to

the COVID-19 Emergency, https://governor.hawaii.gov/wp-

content/uploads/2020/09/2009139-ATG_Thirteenth-Supplementary-

Proclamation-for-COVID-19-distribution-signed.pdf, at 11 of 33.

On May 7, 2021, Governor Ige signed a proclamation authorizing a

vaccination exception to the quarantine requirement for travel

between counties.  Office of the Governor, State of Hawai`i,

Twentieth Proclamation Related to the COVID-19 Emergency

Quarantine for Travel Between Counties,

https://governor.hawaii.gov/wp-content/uploads/2021/05/2105031-

ATG_Twentieth-Proclamation-Related-to-the-COVID-19-Emergency-

distribution-signed.pdf.

        However, on June 7, 2021, Governor Ige signed a

proclamation which stated that the inter-county travel

quarantine provisions would expire at 11:59 p.m. on June 14,

2021.  Office of the Governor, State of Hawai`i, Twenty-First

Proclamation Related to the COVID-19 Emergency,
https://governor.hawaii.gov/wp-content/uploads/2021/06/2106080-
ATG_21st-Emergency-Proclamation-for-COVID-19-distribution-
signed.pdf, at 12 of 36.  Thus, Plaintiff is no longer subject
to a mandatory self-quarantine period when traveling back to
Maui from O`ahu, and he is not required to present proof of
vaccination or a negative COVID-19 test to avoid quarantine.
See County of Maui, Travel to Maui County,
https://www.mauicounty.gov/2417/Travel-to-Maui-County (last
visited Nov. 12, 2021).  Because the inter-county travel
quarantine requirement is no longer in place, Plaintiff's claims
against the County Defendants challenging the requirement are
moot because this Court cannot provide the relief that Plaintiff
seeks in the Complaint - an injunction against the enforcement
of the requirement.[6]  See Uzuegbunam v. Preczewski, 141 S. Ct.
792, 796 (2021) (stating that, "if in the course of litigation a
court finds that it can no longer provide a plaintiff with any
effectual relief, the case generally is moot").

> There is an
>
> "exception to the mootness doctrine for a
> controversy that is capable of repetition, yet
> evading review." Kingdomware Technologies, Inc.
> v. United States, 579 U.S. ----, ----, 136 S. Ct.
> 1969, 1976, 195 L. Ed. 2d 334 (2016) (internal

---

[6] Plaintiff's claims against the State Defendants
challenging the inter-county travel quarantine requirement have
already been dismissed.  See supra Discussion Section I.

> quotation marks omitted).  A dispute qualifies
> for that exception only "if (1) the challenged
> action is in its duration too short to be fully
> litigated prior to its cessation or expiration,
> and (2) there is a reasonable expectation that
> the same complaining party will be subjected to
> the same action again."  Turner v. Rogers, 564
> U.S. 431, 439–440, 131 S. Ct. 2507, 180 L. Ed. 2d
> 452 (2011) (alterations and internal quotation
> marks omitted).

United States v. Sanchez-Gomez, 138 S. Ct. 1532, 1540 (2018).

The inter-county travel quarantine requirement was in effect for

approximately ten months.  Thus, it was arguably too short in

duration to be fully litigated through the completion of the

appellate process.  Cf. Roe v. Wade, 410 U.S. 113, 125 (1973)

("Pregnancy provides a classic justification for a conclusion of

nonmootness.  It truly could be capable of repetition, yet

evading review." (citations and internal quotation marks

omitted)).  Even if the first requirement of the capable-of-

repetition-yet-evading-review exception is satisfied in this

case, there is no indication in the record that there is a

reasonable expectation that Plaintiff will be subjected to an

inter-county travel quarantine requirement in the future.

This Court therefore concludes that the capable-of-

repetition-yet-evading-review exception to the mootness rule

does not apply in this case.  Because Plaintiff's claims against

the County Defendants challenging the prior inter-county travel

quarantine requirement are moot, this Court lacks jurisdiction

over them.  See Sanchez-Gomez, 138 S. Ct. at 1537 ("A case that becomes moot at any point during the proceedings is no longer a 'Case' or 'Controversy' for purposes of Article III, and is outside the jurisdiction of the federal courts." (citation and some internal quotation marks omitted)).  The County Defendants' Joinder is granted, insofar as those claims are dismissed for failure to state a claim.

## III. **Standing**

Defendants argue Plaintiff does not have standing to pursue his claims.  The standing doctrine requires that the plaintiff have "a personal interest in the dispute . . . at the outset" of the case.  Uzuegbunam, 141 S. Ct. at 796.  "To satisfy the irreducible constitutional minimum of Article III standing, a plaintiff must not only establish (1) an injury in fact (2) that is fairly traceable to the challenged conduct, but he must also seek (3) a remedy that is likely to redress that injury."  Id. at 797 (citations and internal quotation marks omitted).

> The "injury" complained of must be (a) concrete
> (*i.e.*, real, not abstract) and particularized
> (specific to Plaintiff); and (b) actual or
> imminent.  See, e.g., Lujan [v. Defs. of
> Wildlife], 504 U.S. [555,] 560-61 [(1992)]; Doran
> [v. 7-Eleven, Inc.], 524 F.3d [1034,] 1039 [(9th
> Cir. 2008)].  A "conjectural or hypothetical"
> injury is insufficient to satisfy the standing
> requirements.  Lujan, 504 U.S. at 560 (citing Los
> Angeles v. Lyons, 461 U.S. 95, 102 (1983))
> (internal quotation marks omitted).

Locricchio v. Trump, Case No. 20-cv-00445-DKW-RT, 2021 WL
1893551, at *4 (D. Hawai`i May 11, 2021).

### A.  **Face-Mask Policies**

As to the State and County restrictions requiring face
masks (collectively "Mask Mandates"), Plaintiff states he
previously had COVID-19, and he continues to suffer from dyspnea
as a result of the infection.  He has attempted to invoke a
medical exemption from the Mask Mandates, but his attempts have
not been honored.  [Complaint at 6 of 24.]  Plaintiff therefore
wears a face mask "to avoid harassment."  [Id.]  For purposes of
a motion to dismiss, Plaintiff's factual allegations must be
accepted as true.  See Ashcroft v. Iqbal, 556 U.S. 662, 678
(2009) (noting that, "for the purposes of a motion to dismiss we
must take all of the factual allegations in the complaint as
true").

State and County Mask Mandates still require the
wearing of a face mask in certain situations.  See Office of the
Governor, State of Hawai`i, Emergency Proclamation Related to
the State's COVID-19 Delta Response, dated 10/1/21,
https://governor.hawaii.gov/wp-content/uploads/2021/10/2109152-
ATG_Emergency-Proclamation-Related-to-the-States-COVID-19-Delta-
Response-distribution-signed.pdf ("State Delta Response
Proclamation"), at 4 of 21; id., Exh. A (Face Coverings); Office

of the Mayor, County of Maui, Public Health Emergency Rules
Effective October 16, 201,
https://www.mauicounty.gov/DocumentCenter/View/125111/COM_Public
-Health-Emergency-Rules?bidId= ("County 10/16/21 Emergency
Rules"), at Rule 4 (incorporating Exh. A of the State Delta
Response Proclamation).

Plaintiff has pled sufficient factual allegations to
support a reasonable inference that he is suffering from an
injury in fact as a result of Defendants' COVID-19 Mask
Mandates.  See Iqbal, 556 U.S. at 678 ("To survive a motion to
dismiss, a complaint must contain sufficient factual matter,
accepted as true, to state a claim to relief that is plausible
on its face." (citation and internal quotation marks omitted));
id. ("A claim has facial plausibility when the plaintiff pleads
factual content that allows the court to draw the reasonable
inference that the defendant is liable for the misconduct
alleged." (citation omitted)).  Further, his injury is likely to
be remedied if he obtains the relief he seeks - an injunction
against the enforcement of the State and County Mask Mandates.
This Court therefore concludes, for purposes of the Motion and
the Joinder, that Plaintiff has pled a plausible basis to
support a ruling that he has standing to challenge the Mask
Mandates.

**B.**   **Restrictions on Travel to the State of Hawai`i**

Plaintiff also alleges that he is required to take a
COVID-19 test when traveling to the mainland or internationally.
[Complaint at 6 of 24.]  Persons traveling to the State of
Hawai`i, including residents returning to Hawai`i, are required
to submit to a mandatory screening and documentation process.
They must complete a ten-day quarantine, unless one of the
exemptions or exceptions apply.  The exceptions include
submitting a qualifying negative COVID-19 test result or
submitting proof of completion of a qualifying vaccination
regimen.  See State Delta Response Proclamation at 7 of 21 to 10
of 21; County 10/16/21 Emergency Rules at Rule 9 ("Transpacific
travelers into Maui County shall abide by the Governor's [State
Delta Response] Proclamation for travel, exceptions, quarantine,
lodging, health screening, and any other requirements.").

Plaintiff argues these travel restrictions violate his
rights under the United States Constitution.  He indicates that
he intends to travel to O`ahu to obtain a United States passport
"for world wide travel and commerce."  [Complaint at 8 of 24.]
However, the Complaint does not identify any specific travel
that Plaintiff has been prevented from taking.  It appears that
Plaintiff disagrees with the travel restrictions and has chosen
to remain on the Island of Maui.  See id. at 7 of 24.  Thus, to
the extent that Plaintiff alleges the travel restrictions

violate his constitutional rights, his alleged injury is merely
hypothetical or conjectural.  He has failed to allege a concrete
and particularized injury that is actual and imminent.  See
Lujan, 504 U.S. at 560-61.  Plaintiff has therefore failed to
allege a plausible claim challenging the constitutionality of
the State and County restrictions on travel into the State of
Hawai`i and the Island of Maui.  Those claims are dismissed
because Plaintiff lacks standing to pursue them.

C.   **Gathering Limits and Business Capacity Limits**

Plaintiff argues the State and County restrictions on
social gathering sizes violate his First Amendment rights.
[Complaint at 9 of 24.]  He also argues the COVID-19-based
limitations on a business's occupancy capacity are
unconstitutional.  [Id. at 13 of 24.]  Social gatherings are
still limited, as is the capacity at indoor facilities where
"high-risk activities" occur, such as gyms, bars, restaurants,
and other social establishments.  See Executive Order No. 21-08
(Statewide Limits for Social Gatherings, Restaurants, Bars,
Social Establishments, and Gyms), dated 11/2/21,
https://governor.hawaii.gov/wp-
content/uploads/2021/11/2111018.pdf, at 2 of 4 to 3 of 4; County
10/16/21 Emergency Rules at Rule 1 (Businesses, operations and

activities), Rule 3 (Social gatherings).[7]  Plaintiff, however,
has not identified any specific injury that he has suffered or
that he is imminently facing because of these limitations.
Because he has failed to allege a concrete and particularized
injury that is actual and imminent, Plaintiff has failed to
plead a plausible claim challenging the constitutionality of the
State and County restrictions on gathering sizes and facility
occupancy capacities.  Those claims are dismissed because
Plaintiff lacks standing to pursue them.

**D.   Encouragement of Vaccination**

Plaintiff alleges the State and County programs that
have required, or given incentives to encourage, people to take
a COVID-19 vaccine are unconstitutional.  He contends that these
programs effectively render unvaccinated persons like him
second-class citizens.  See, e.g., Complaint at 10 of 24.
Plaintiff, however, has not identified any specific injury that
he has suffered or is imminently facing because of these
programs.  Plaintiff alleges a specific incident in which a

---

[7] Indoor capacity is limited to fifty percent, but if the
county where the facility is located "implements a policy
requiring vaccination or a negative COVID-19 test result
obtained within 48 hours, . . . there is no capacity limit."
Executive Order No. 21-08 at 3 of 4.  However, the facility's
capacity is still limited by other COVID-19-based requirements
such as the requirement that groups be seated more than six-feet
apart.  See id. at 2 of 4.  The County has a vaccination or
negative test policy for certain businesses and activities.  See
County 10/16/21 Emergency Rules at Rule 5 & Exh. A.

twelve-year-old girl was vaccinated against her will and without her parents' express consent.  [Id. at 4 of 24.]  Plaintiff does not allege that he has suffered a particularized injury as a result of that incident.  Because he has failed to allege a concrete and particularized injury that is actual and imminent, Plaintiff has failed to plead a plausible claim challenging the constitutionality of the State and County programs requiring or encouraging COVID-19 vaccination.  Those claims are dismissed because Plaintiff lacks standing to pursue them.

**IV.  Plausibility of Plaintiff's Mask Mandate Claims**

The only claims that have not already been dismissed are Plaintiff's § 1983 claims alleging the State and County Mask Mandates are unconstitutional.  This Court agrees that the following principles apply to the analysis of claims challenging the constitutionality of government policies and restrictions adopted to address the COVID-19 pandemic.

> Chief Justice Robert's concurrence in South Bay United Pentecostal Church v. Newsom informs the Court's analysis. --- U.S. ----, 140 S. Ct. 1613, 207 L. Ed. 2d 154 (Roberts, C.J., concurring).  Chief Justice Roberts recognized that the "Constitution principally entrusts '[t]he safety and the health of the people' to the politically accountable officials of the States 'to guard and protect.'"  Id. (quoting Jacobson v. Massachusetts, 197 U.S. 11, 38, 25 S. Ct. 358, 49 L. Ed. 643 (1905)) (alteration in original).  The latitude of officials "must be especially broad" when acting "in areas fraught with medical and scientific uncertainties."  Id. (quoting Marshall v. United States, 414 U.S. 417,

23

427, 94 S. Ct. 700, 38 L.Ed.2d 618 (1974)).  If officials do not exceed these broad limits, "they should not be subject to second-guessing by an 'unelected federal judiciary,' which lacks the background, competence, and expertise to assess public health and is not accountable to the people."  Id. at 1613-14 . . . .

Courts presented with emergency challenges to governor-issued orders temporarily restricting activities to curb the spread of COVID-19 have consistently applied Jacobson v. Massachusetts to evaluate those challenges.  See, e.g., League of Indep. Fitness Facilities & Trainers, Inc. v. Whitmer, 814 Fed. Appx. 125, 127-28 (6th Cir. 2020) (collecting cases); Slidewaters LLC v. Wash. Dep't of Labor & Indus., No. 2:20-CV-0210-TOR, 2020 WL 3130295, at *4 (E.D. Wash. June 12, 2020); Prof'l Beauty Fed'n of Cal. v. Newsom, No. 2:20-cv-04275-RGK-AS, 2020 WL 3056126, at *5 (C.D. Cal. June 8, 2020) (collecting cases); Altman v. County of Santa Clara, 464 F. Supp. 3d 1106, 1118, No. 20-cv-02180-JST (N.D. Cal. June 2, 2020) ("Although Plaintiffs attempt to dismiss Jacobson as 'arcane constitutional jurisprudence,' . . . the case remains alive and well-including during the present pandemic." (citation omitted)); Six v. Newsom, 462 F. Supp. 3d 1060, 1067-68, No. 8:20-cv-00877-JLS-DFM (C.D. Cal. May 22, 2020).

According to Jacobson, the liberties secured by the Constitution do "not import an absolute right in each person to be, at all times and in all circumstances, wholly freed from restraint. There are manifold restraints to which every person is necessarily subject for the common good." Jacobson, 197 U.S. at 26, 25 S. Ct. 358. It is a "fundamental principle that persons and property are subjected to all kinds of restraints and burdens in order to secure the general comfort, health, and prosperity of the state." Id. (citation and internal quotations marks omitted).  When an epidemic of disease threatens the safety of a community's members, it "has the right to protect itself."  Id. at 27, 25 S. Ct. 358.  And commensurate with that right is a

24

> state's authority "to enact quarantine laws and
> health laws of every description." Id. at 25, 25
> S. Ct. 358 (internal quotations marks omitted).
>
> [Governor Ige]'s Emergency Proclamations —
> purporting to protect public health during the
> COVID-19 pandemic — are not susceptible to
> Plaintiffs' constitutional challenges unless they
> have "no real or substantial relation to" the
> crisis or are "beyond all question, a plain,
> palpable invasion of rights secured by the
> fundamental law." Jacobson, 197 U.S. at 31, 25
> S. Ct. 358 (citations omitted). Indeed,
> "Jacobson instructs that all constitutional
> rights may be reasonably restricted to combat a
> public health emergency." In re Abbott, 954 F.3d
> 772, 786 (5th Cir. 2020).[8] And "the judiciary
> may not 'second-guess the state's policy choices
> in crafting emergency public health measures.'"
> In re Rutledge, 956 F.3d 1018, 1029 (8th Cir.
> 2020) (quoting Abbott, 954 F.3d at 784).

Carmichael v. Ige, 470 F. Supp. 3d 1133, 1141-43 (D. Hawai`i

2020) (some alterations in Carmichael) (footnotes and some

citations omitted).

The State Delta Response Proclamation cites the

Centers for Disease Control and Prevention ("CDC") guidelines

regarding face coverings. State Delta Response Proclamation,

Exh. A (Face Coverings) (citing

https://www.cdc.gov/coronavirus/2019-ncov/prevent-getting-

sick/about-face-coverings.html). The CDC states:

---

[8] The judgment in Abbott was vacated after the Supreme Court
granted the petition for writ of certiorari. The case was
remanded to the Fifth Circuit with instructions to dismiss it as
moot. Planned Parenthood Ctr. for Choice v. Abbott, 141 S. Ct.
1261 (2021).

- Everyone 2 years of age or older who is not fully vaccinated should wear a mask in indoor public places.

- In general, you do not need to wear a mask in outdoor settings.

  - In areas with high numbers of COVID-19 cases, consider wearing a mask in crowded outdoor settings and for activities with close contact with others who are not fully vaccinated.

- People who have a condition or are taking medications that weaken their immune system may not be fully protected even if they are fully vaccinated.  They should continue to take all precautions recommended for unvaccinated people, including wearing a well-fitted mask, until advised otherwise by their healthcare provider.

- If you are fully vaccinated, to maximize protection from the Delta variant and prevent possibly spreading it to others, wear a mask indoors in public if you are in an area of substantial or high transmission.

- If you are fully vaccinated, see When You've Been Fully Vaccinated.[9]

---

[9] The CDC states that, if a person is fully vaccinated:

- To reduce the risk of being infected with the Delta variant and possibly spreading it to others, wear a mask indoors in public if you are in an area of substantial or high transmission.

- You might choose to wear a mask regardless of the level of transmission if you have a weakened immune system or if, because of your age or an underlying medical condition, you are at increased risk for severe disease, or if a member of your household has a weakened immune system, is at

(. . . continued)

> Wearing a mask over your nose and mouth is
> required on planes, buses, trains, and other
> forms of public transportation traveling into,
> within, or out of the United States and while
> indoors at U.S. transportation hubs such as
> airports and train stations.  Travelers are not
> required to wear a mask in outdoor areas of a
> conveyance (like on open deck areas of a ferry or
> the uncovered top deck of a bus).

CDC, COVID-19, Your Guide to Masks,

https://www.cdc.gov/coronavirus/2019-ncov/prevent-getting-

sick/about-face-coverings.html (last visited Nov. 12, 2021).

The County of Maui is currently considered by the CDC to be an

area with moderate community transmission, and therefore the CDC

recommends that "[u]nvaccinated people in Maui County, Hawaii

should wear a mask in public, indoor settings."  CDC, COVID Data

Tracker, COVID-19 Integrated County View,

https://covid.cdc.gov/covid-data-tracker/#county-

view|Hawaii|15009|Risk|community_transmission_level (last

visited Nov. 12, 2021) (emphasis omitted).  The CDC has

consistently recommended the use of face coverings as part of a

combination of measures that could limit the spread of COVID-19.

See, e.g., Denis, 2021 WL 3892657, at *2-3 (discussing CDC face

---

> increased risk for severe disease, or is
> unvaccinated.

CDC, COVID-19, When You've Been Fully Vaccinated - How to
Protect Yourself and Others,
https://www.cdc.gov/coronavirus/2019-ncov/vaccines/fully-
vaccinated.html (last visited Nov. 12, 2021).

covering recommendations from April 2020 through the progression of the pandemic).

The Mask Mandates are in place because the State and the County, based on CDC guidance, have deemed them to be part of the safe practices aimed at limiting the transmission of COVID-19.  See, e.g., State Delta Response Proclamation at 4 of 21; id., Exh. A ("The wearing of face coverings is intended to complement, not serve as a substitute, for physical distancing and cleanliness.").  The CDC is "the nation's health protection agency," and it "works 24/7 to protect America from health, safety and security threats, both foreign and in the U.S.[, w]hether diseases start at home or abroad, are chronic or acute, curable or preventable, human error or deliberate attack[.]" CDC, About CDD 24-7, Mission, Role and Pledge; https://www.cdc.gov/about/organization/mission.htm (last visited Nov. 12, 2021).  It is clear that Plaintiff disagrees with the CDC, the State, and the County about the efficacy of face masks, but he has failed to plead a plausible basis for this Court to conclude that the Mask Mandates have "no real or substantial relation to" the COVID-19 pandemic.  See Jacobson, 197 U.S. at 31.

Plaintiff also argues the Mask Mandates violate his "right to breathe fresh air."  [Complaint at 12 of 24.]  Other plaintiffs have raised similar arguments, and those arguments

28

have been soundly rejected.  For example, this district court

has stated:

> The "right to breathe oxygen without restriction"
> is not a fundamental right.  Denis cannot
> plausibly allege that that right is "deeply
> rooted in our history and traditions" or
> "fundamental to our concept of constitutionally
> ordered liberty."  [Washington v.] Glucksberg,
> 521 U.S. [702,] 727, 117 S. Ct. 2258 [(1997)];
> accord Franceschi [v. Yee], 887 F.3d [927,] 937
> [(9th Cir. 2018)] ("The range of liberty
> interests that substantive due process protects
> is narrow and only those aspects of liberty that
> we as a society traditionally have protected as
> fundamental are included within the substantive
> protection of the Due Process Clause." (internal
> quotation marks omitted))[.]

Denis v. Ige, Civil NO. 21-00011 SOM-RT, 2021 WL 1911884, at *12

(D. Hawai`i May 12, 2021) ("Denis I").  This Court agrees that

Plaintiff's asserted "right to breathe fresh air" is not a

fundamental right.  Plaintiff has failed to plead a plausible

basis for this Court to conclude that the Mask Mandates are

"beyond all question, a plain, palpable invasion of rights

secured by the fundamental law."  See Jacobson, 197 U.S. at 31.

The Mask Mandates therefore are not susceptible to the

constitutional challenges that Plaintiff attempts to raise in

this case.[10]  Even accepting all of Plaintiff's factual

---

[10] Although Jacobson has not been overturned, its analysis
has been criticized on multiple grounds, including that it was
decided before the development of the tiered levels of scrutiny
applied to constitutional challenges.  See, e.g., Denis I, 2021
WL 1911884, at *6-7 (discussing cases addressing the
(. . . continued)

allegations as true, he has failed to state plausible § 1983 claims challenging the State and County Mask Mandates, and those claims must be dismissed.

## V.   Summary and Leave to Amend

All of Plaintiff's claims against the State Defendants and the County Defendants have been dismissed.  The Ninth Circuit has stated that, "[u]nless it is absolutely clear that no amendment can cure the defect," in other words, unless amendment would be futile, "a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) (per curiam).

It is absolutely clear that Plaintiff cannot cure the defects in his claims that are barred by the State Defendants'

_____

applicability of the Jacobson analysis).  The district court in Denis noted that that the tiered scrutiny analysis was more favorable to the plaintiff.  Id. at *8 (citing Let Them Play MN v. Walz, 2021 WL 423923, at *6 (D. Minn. Feb. 8, 2021) ("[I]f Jacobson does establish a different standard of review that applies only during a public-health crisis, that standard would certainly be more deferential than the typical constitutional analysis.")).  Even if this Court applied the tiered scrutiny analysis in the instant case, this Court would still dismiss Plaintiff's Mask Mandate claims.  Because the purported right to breathe fresh air is not a fundamental right, a rational basis review would apply.  See Fransceschi, 887 F.3d at 939 ("When reviewing a challenge to a legislative act that does not infringe on a fundamental right, rational basis review applies . . . ." (citation omitted)).  This Court would find that the Mask Mandates are rationally related to legitimate governmental purposes.  See Denis I, 2021 WL 1911884, at *9-10 (analyzing a similar claim).

sovereign immunity, nor can he cure the defects in his moot claims against the County Defendants.  As to the claims that were dismissed for lack of standing, it is arguably possible for Plaintiff to plead additional factual allegations regarding the injuries necessary to establish standing.[11]  However, such amendments would be futile because, even if Plaintiff could plead sufficient facts regarding standing, his constitutional claims regarding domestic and international travel restrictions, social gathering limits, business capacity restrictions, and vaccination programs would fail for reasons similar to the reasons why his Mask Mandate claims fail.  This Court also concludes that it is not possible for Plaintiff to cure the defects in his Mask Mandate claims by amendment.

This Court therefore concludes that it would be futile to allow Plaintiff to amend his Complaint.  All of the claims in Plaintiff's Complaint are dismissed with prejudice, in other words, without leave to amend.  Plaintiff has no claims

---

[11] As noted *supra* footnote 3, Plaintiff's claim regarding the allegedly involuntary vaccination of a minor is based on his personal reaction to the incident.  Even if Plaintiff is able to allege claims on behalf of the minor, those claims would be distinct from the claims he has attempted to bring in this case. Therefore, Plaintiff must bring those claims in a new action, rather than attempting to assert them in an amended complaint in the instant case.

remaining in this case, and he will not be allowed to file an amended complaint.[12]

**CONCLUSION**

For the foregoing reasons, the State Defendants' Motion to Dismiss, filed July 8, 2021, and the County Defendants' Joinder to State Defendants' Motion to Dismiss [Dkt No. 28], filed July 9, 2021, are HEREBY GRANTED.  Plaintiff's Complaint, filed June 14, 2021, is HEREBY DISMISSED WITH PREJUDICE.  Because Plaintiff has no remaining claims in this case, his "Notice upon the court and Declaration of Fact; Motion for TRO," [filed 8/18/21 (dkt. no. 63),] is also DENIED.

The Clerk's Office is DIRECTED to enter judgment and close this case on **November 29, 2021,** unless Plaintiff files a timely motion for reconsideration of this Order.

IT IS SO ORDERED.

---

[12] In light of this ruling, it is not necessary for this Court to address the other arguments in the Motion and the Joinder, such as the County Defendants' argument that Plaintiff failed to properly serve the Complaint.

DATED AT HONOLULU, HAWAII, November 12, 2021.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**JEFFREY-STEVEN OF THE HOUSE OF JARRETT VS. DAVID IGE, ET AL; CV 21-00272 LEK-RT; ORDER GRANTING THE STATE DEFENDANTS' MOTION TO DISMISS AND THE COUNTY DEFENDANTS' JOINDER IN THE MOTION TO DISMISS**